IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY NORMAN HANSON, #02132020,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1071-C-BK |
| | § | |
| **DIRECTOR TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management. Doc. 1. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Petitioner, a state prisoner incarcerated in the Texas Department of Criminal Justice Stevenson Unit (TDCJ), was convicted of two counts of possessing a firearm subsequent to a felony conviction, and was sentenced to 120 months' imprisonment on each count, to be served consecutively. *See United States v. Hanson*, No. 3:15-CR-18-L, Crim. Doc. 33 (N.D. Tex. Feb. 17, 2016). On April 25, 2017, he was convicted of aggravated assault of a public servant in Cause No. CR15-00159, in Van Zandt County, Texas, and sentenced to 35 years' imprisonment.[1]

On March 29, 2018, Petitioner filed this section 2254 petition in the United States District Court for the Eastern District of Texas, Tyler Division, requesting to be transferred to federal custody because he "was a federal inmate first." Doc. 1 at 6. He alleges *in toto*: "I was

---

[1] *See* Petitioner's Offender Information Details available on the TDCJ website https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=04489862 (last accessed on May 8, 2018).

sentenced in the federal courts [sic] first, I was told I would do it first that's what I am trying to do now is get back to the Feds do that then come back here when I'm done if I have to." Doc. 1 at 6.  Concluding Petitioner had improvidently filled out a section 2254 form, the District Court for the Eastern District of Texas construed the lawsuit as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and transferred it to this Court. Doc. 3 at 1.  However, because the case remained docketed in the Eastern District as a section 2254, it was subsequently transferred and opened in this Court as a section 2254.  That notwithstanding, this Court lacks jurisdiction over the case.[2]

## II. ANALYSIS

Petitioner does not assert any constitutional violation stemming from his state or federal conviction.  Thus, even when liberally construed, Petitioner's pleadings do not present a cognizable basis for federal habeas relief under either section 2254 or section 2255.  *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States."); 28 U.S.C. § 2255 (providing for section 2255 relief if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack"); *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam)  (noting that "[s]ection 2255 provides the primary means of 'collaterally attacking a federal sentence,' and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'" (quoted cases omitted)).

---

[2] Petitioner unsuccessfully filed a prior section 2254 in this Court alleging a due process violation and claiming he should be in federal custody.  *See Hanson v. Bridges*, No.  3:17-CV-3305-K-BH (N.D. Tex. Dec. 11, 2017) (recommendation to dismiss for want of jurisdiction pending).

2

Even liberally construing the petition to challenge the execution of Petitioner's federal sentence under 28 U.S.C. § 2241, this Court lacks jurisdiction to consider it. *See Padilla*, 416 F.3d at 426 (section 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed'" (quoted case omitted)). Although Petitioner was sentenced on his federal case in this Court, any section 2241 action must be brought in the district in which he is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding sentencing court lacked jurisdiction over section 2241 petition because petitioner was not incarcerated within that district). Petitioner is presently confined at the Stevenson Unit in Cuero, Texas, which lies within the boundaries of the United States District Court for the Southern District of Texas, Victoria Division. As such, this Court is not the proper forum for a section 2241 petition. *See Lee*, 244 F.3d at 374-75.

### III. CONCLUSION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3) (directing the court to dismiss actions over which it lacks jurisdiction).

**SO RECOMMENDED**, May 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE